UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SARAH CATHERINE SPAULDING,<br>    Plaintiff,<br>v.<br><br>CITY OF FRAMINGHAM, et al.,<br>    Defendants. | Civil No. 23-cv-12933--LTS |

## ORDER

**SOROKIN, J.**

    1.    Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is hereby ALLOWED. Because plaintiff is proceeding in forma pauperis, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if, among other things, the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In conducting this review, the Court construes the plaintiff's complaint "with some liberality" because she is proceeding *pro se*. *Instituto de Educacion Universal Corp. v. U.S. Dept. of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

    2.    Plaintiff shall by **March 5, 2024**, file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure and states a claim upon which relief may be granted. Here, Spaulding uses the pre-printed form, Pro Se 1 (complaint for a civil case) that is provided by the Administrative Office of the United States Courts. ECF No. 1.

1

The complaint names as defendants: (1) the City of Framingham and its mayor, Charlie Sisitsky; (2) the Town of Natick, the Natick Select Board and School Committee; (3) Katherine Craven, Chair of the Board of Elementary and Secondary Education for the Commonwealth, and Patrick Tutwiler, Secretary of Education for the Commonwealth and misidentified in the complaint as "Stutwiler". *Id.* at ¶ I (the parties to the complaint). Spaulding checked the box indicating "federal question" jurisdiction and states the issue in the form of a question as follows: "Does a school comittee (sic), suspected of federal fraud, have a right to exclude a student based on residency in a non fraudulent claim to residency?" *Id.* at ¶ II(A) (if the basis for jurisdiction is a federal question). The statement of jurisdiction includes 28 additional questions found on 3 pages that are attached to the complaint. *Id.* at 5 -7. The questions concern the responsibilities of a school committee, the Commonwealth's Board of Education for the Commonwealth and the Secretary of Education. *Id.*

For the statement of claim, plaintiff states that she was "retaliated against/bullied by adults/staff and excluded by Framingham and Natick school committees based on residency investigations which [plaintiff] was denied due process." *Id.* at ¶ III (statement of claim). The statement of claim continues in 2 additional pages with 17 separate paragraphs. *Id.* at 9 -10. For relief, plaintiff seeks monetary damages. *Id.* at ¶ IV (relief). The relief section continues on an additional page which asserts statements for relief as well as factual statements. *Id.* at 1. The prayer for relief includes matters that do not appear to be directly addressed by her claims. *Id.* For example, plaintiff states that her neighbors "continue to have a fence on [her] property and they claim to own [her] side of the fence where [her] service dog's electric fence is installed and needs to be repaired." *Id.* at 11. Plaintiff states that she "cannot walk down [her] street out of fear from the neighbors and others unknown conspirators." *Id.* Plaintiff states that she "cannot

2

go to the hospital when [she feels] suicidal, depressed and hopeless because the hospital diagnosed [plaintiff] with Paranoid Personality Disorder and told [plaintiff that] it is her mother who is the problem." *Id.* Plaintiff states that her "service dog now has cancer" and she wants "enough money to go away from here and receive necessary mental health treatment and to replace [her] service dog for as long as [she needs] a service dog." *Id.* The final pages of the complaint consist of a list of lawsuits filed by plaintiff and/or her mother on behalf of plaintiff in both state and federal court. *Id.* at 12-13.

      Here, the complaint is neither a short nor plain statement as contemplated and required by the Rules. Rather, it is a confusing and unfocused pleading that attempts to weave together largely speculative and conclusory allegations into a broad criminal conspiracy (or multiple conspiracies) against the plaintiff. *See Green v. Massachusetts*, 108 F.R.D. 217, 218 (D. Mass. 1985) ("[C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed ...."). The claims are primarily asserted collectively against the defendants and it is virtually impossible to cull out the causes of action asserted against each of the defendants separately. Further, plaintiff makes bald assertions that the defendants violated plaintiff's rights, but apart from these assertions she does not clearly link specific factual allegations of wrongdoing against each defendant. Rather, these assertions are generalized and made as part of a general description of her claims. At this stage, it is simply unfair to require the defendants to respond to the complaint in its current form. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (defendants cannot be expected to respond to pleadings that are prolix and confusing as to what the claims are and against whom).

Accordingly, to the extent plaintiff wishes to proceed, she shall file an amended complaint.  The amended complaint – a new stand-alone document – must set forth plausible claims upon which relief may be granted.  In preparing the amended complaint, plaintiff shall identify the basis for this Court's jurisdiction, and if it is a federal question, shall specifically the specific federal statutes and/or provisions of the United States Constitution that are at issue.  Plaintiff should not set forth her claims in a narrative format.  Rather, any amended complaint should, in sequentially numbered paragraphs, focus on the legal claims separately against each defendant, along with the basis for such claims.  The amended complaint must include separate counts each supported by factual allegations.  The amended complaint should not assert multiple causes of action against a defendant in one count.  Rather, each count should identify separately each cause of action and the grounds therefore. For example, just listing the counts at the end of the complaint is insufficient pleading.

If an amended complaint is filed, it will be further screened.

3. Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is <u>DENIED</u> without prejudice. Although pursuant to the 28 U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. *Id.*; 28 U.S.C. 1915(e)(1).  After considering the motion, at this stage of the proceedings the motion is premature and, on this record, plaintiff has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel.  Any renewal of such motion will not be

considered until both after plaintiff files an amended complaint that cures the pleading deficiencies, and, if the Court determines that such deficiencies been cured, after defendants have been served and respond to the amended complaint.

      4.      Failure to comply with this Order will result in dismissal of this action. Summonses shall not issue pending further order of the Court.

**So Ordered.**

                                              /s/ Leo T. Sorokin
                                              United States District Judge

Dated: February 12, 2024